IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-67,873-01






EX PARTE DAVID GENE SPEARS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W10294-1 IN THE 355
TH JUDICIAL DISTRICT COURT


FROM HOOD COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a controlled
substance and sentenced to 22 months' state jail imprisonment. He did not appeal his conviction.

 Applicant contends that his trial counsel rendered ineffective assistance because she informed him
twenty minutes before entering the courtroom that she would not argue his case because he had not paid
her. Applicant also alleges that counsel failed to subpoena two vital defense witnesses.

The trial court has entered general findings of fact, recommending that relief be denied. However, the trial
court's findings are not sufficient to address Applicant's claims. The habeas record is unclear as to whether
Applicant pleaded guilty or not guilty, and whether he was found guilty in a bench trial, or pleaded guilty
pursuant to a negotiated plea agreement. There is also nothing in the habeas record to indicate whether
counsel negotiated a plea bargain on Applicant's behalf, or whether evidence was presented in his defense
at a bench trial. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466
U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court shall
provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of ineffective
assistance of counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07,
§ 3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to
represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant pleaded guilty pursuant to a plea
agreement, or whether he pleaded not guilty and was found guilty after a bench trial. If Applicant pleaded
guilty pursuant to a plea agreement, the trial court shall supplement the record with copies of the plea
documents. If Applicant did not plead guilty, the trial court shall make findings as to what evidence, if any,
was presented on Applicant's behalf. The trial court shall make findings as to whether the performance
of Applicant's trial attorney was deficient and, if so, whether counsel's deficient performance prejudiced
Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The issues
shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order granting
the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with
the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 



Filed: August 22, 2007

Do not publish